UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

|   |   |   |
|---|---|---|
| MARIA ZORAIDA MULOSMANAJ, | : | |
| | : | |
| Plaintiff, | : | 14cv6122 |
| | : | |
| -against- | : | OPINION & ORDER |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

WILLIAM H. PAULEY III, District Judge:

        Plaintiff Maria Zoraida Mulosmanaj brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying her application for disability insurance benefits.  On June 24, 2016, Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report") recommending that this Court grant the Commissioner's motion for judgment on the pleadings and deny Mulosmanaj's motion. Plaintiff objects to the Report.  This Court concludes that Plaintiff's objections lack merit and adopts Magistrate Judge Maas's thorough and well-reasoned Report in full.

BACKGROUND

        The facts of this case are set forth in the Report.  See Mulosmanaj v. Colvin, No. 14-cv-6122 (WHP) (FM), ECF No. 32 (S.D.N.Y. June 24, 2016)).  This Court summarizes only those facts related to Plaintiff's objections.

        In 2008, Mulosmanaj fell on her dominant right hand during an accident at work. (Report at 3.)  She sought treatment for pain in her right elbow, arm, and wrist.  Mulosmanaj

claims that the injury caused chronic pain which becomes more severe when she is active. (Report at 3–4.)

Between August 2008 and April 2010, Mulosmanaj saw Dr. Stuart Elkowitz more than ten times.  (Report at 5.)  Dr. Elkowitz diagnosed Plaintiff with radial tunnel syndrome and recommended a treatment of physical therapy, pain medications, and trigger-point injections. (Report at 5.)  Dr. Elkowitz also noted that her prognosis was "guarded for a completely pain-free arm."  (Report at 5.)

In a 2011 report, Dr. Elkowitz noted that the injury caused Plaintiff "chronic forearm pain."  (Report at 6.)  Nevertheless, Dr. Elkowitz observed that Plaintiff "could occasionally lift and carry objects up to ten pounds . . . , but could never lift or carry objects over ten pounds" with her right arm.  (Report at 6; see SSA Administrative Record (the "Record"), ECF No. 30, at 555 ("This restriction is for R upper extremity only.").)  Dr. Elkowitz also indicated that Plaintiff could "frequently reach, handle, finger, and feel, as well as occasionally push and pull with her right arm."  (Report at 7.)  He found no restrictions for Plaintiff's left arm. (Report at 6–7.)

In December 2009, Plaintiff filed an application for disability insurance benefits, claiming to be disabled because of an injury to her "nerves, tendons, and ligaments."  (Report at 2.)  After the Commissioner denied Plaintiff's application, Mulosmanaj requested a hearing before an Administrative Law Judge ("ALJ").  (Report at 2.)  Ultimately, an ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (Report at 3.)

In his decision, the ALJ applied the five-step analysis required by 20 C.F.R. § 404.1520.  He found that Mulosmanaj had not engaged in substantial gainful employment since April 2009 and that her injury was a "severe impairment," but did not meet or equal the severity

2

of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Report at 8.)  The ALJ

also determined that while Mulosmanaj could not perform her past relevant work, she had the

residual functional capacity to perform nearly the full range of "light work" activities, as defined

in 20 C.F.R. 404.1567(b).  (Report at 8.)  Finally, the ALJ found that a significant number of

jobs exist in the national economy that Mulosmanaj could perform and concluded that she was

not disabled within the meaning of the Social Security Act.  (Report at 8.)

        Mulosmanaj objects to the Report and argues that she does not have the residual

functional capacity to perform "light work."

LEGAL STANDARD

        This Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" of a magistrate judge.  28 U.S.C. § 636(b)(1).  Courts review de novo those

parts of a report and recommendation to which objections are made, and the remainder for clear

error on the face of the record.  28 U.S.C. § 636(b)(1); Rigano v. Astrue, No. 07-cv-10282

(WHP), 2011 WL 1406185, at *4 (S.D.N.Y. Mar. 30, 2011).  Courts "also review the report and

recommendation for clear error where a party's objections are 'merely perfunctory responses'

argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth

in the original petition.'"  Assenheimer v. Comm'r of Soc. Sec., No. 13-cv-8825 (ER), 2015 WL

5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (quoting Ortiz v. Barkley, 558 F.Supp.2d 444, 451

(S.D.N.Y. 2008)).

        A Commissioner's determination regarding a claimant's disability may only be

set aside "if the factual findings are not supported by 'substantial evidence' or if the decision is

based on legal error."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).  Substantial evidence is

3

"more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).

DISCUSSION

Mulosmanaj argues that the ALJ erred in finding that she had the residual functional capacity to perform "light work."  Plaintiff contends that the ALJ discounted her pain and the medical opinion of her treating physician, Dr. Elkowitz.

In assessing whether a claimant has a disability, the Commissioner must consider several factors, including "subjective evidence of pain or disability testified to by the claimant or other."  Rivera v. Harris, 623 F.2d 212, 216 (2d Cir. 1980).  Mulosmanaj asserts that she was on prescription pain medication and considered for surgery.  She argues that evidence undermines the ALJ's conclusion.  But notwithstanding evidence of Mulosmanaj's pain, she was able to engage in daily and weekly activities, including, inter alia, dropping her son off at work, attending church, running daily errands, and teaching educational classes at church.  (Report at 4.)  The ALJ found these activities to be "significantly inconsistent with her asserted level of pain and functional limitation."  (Record at 26.)

Further, the Treating Physician Rule "requires the ALJ to grant controlling weight to the opinion of a claimant's treating physician if the opinion is well supported by medical findings and is not inconsistent with other substantial evidence."  Rosado v. Barnhart, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003) (citing 20 C.F.R. § 404.1527(d)(2); 20 C.F.R. § 416.927(d)(2)).  But treating physicians' opinions "need not be given controlling weight where they are contradicted by other substantial evidence in the record."  Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (citations omitted); Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008).  Here, in line with the Treating Physician Rule, the ALJ afforded Dr. Elkowitz's opinion

"significant weight." (Record at 26.) See Brathwaite v. Barnhart, No. 04-cv-2850 (GBD), 2008 WL 2669351, at *2 (S.D.N.Y. June 26, 2008).

And even Dr. Elkowitz's opinion supports the ALJ's conclusion that, notwithstanding Mulosmanaj's pain, she qualifies for "light work." "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or . . . some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Dr. Elkowitz specifically noted of Plaintiff's pain in his 2011 report and nevertheless opined that she could lift and carry objects weighing up to ten pounds with her right arm. (See Report at 17; Record at 555.) Further, Dr. Elkowitz did not note any restrictions on the use of Plaintiff's left arm.[1] (See Report at 17; Record at 555.)

Thus, the ALJ's conclusion that Mulosmanaj had the residual functional capacity to qualify for "light work" is both reasonable and supported by substantial evidence. And similarly, the Report presents a thorough analysis of the administrative record.

---

[1] Plaintiff also argues that the ALJ substituted his own opinion for that of Dr. Elkowitz's. For example, the ALJ found that Plaintiff could not push or pull with her arms (Record at 20), even though Dr. Elkowitz opined that she could "occasionally" perform such tasks (Record at 557). And the ALJ found that Mulosmanaj was limited to occasional reaching, handling, fingering, and feeling (Record at 20), even though Dr. Elkowitz noted that she could perform those functions "frequently" (Record at 557). These findings undermine Plaintiff's claim and demonstrate that the ALJ recognized that Mulosmanaj's injury presented some limitations beyond what her physician described.

CONCLUSION

For the foregoing reasons, this Court adopts the thorough and well-reasoned Report and Recommendation of Magistrate Judge Frank Maas in full.  For substantially the same reasons as those set forth in the Report, the Commissioner's motion for judgment on the pleadings is granted and Mulosmanaj's motion for judgment on the pleadings is denied.  The Clerk of the Court is directed to terminate all pending motions and mark this case closed.

Dated: September 14, 2016
        New York, New York

SO ORDERED:

_____
        WILLIAM H. PAULEY III
                U.S.D.J.